CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKJ
JUN 16 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN F. JACKSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06-cv-00306 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| et al, | ) | **By: Jackson L. Kiser** |
| Defendants. | ) | **Senior United States District Judge** |

Plaintiff John F. Jackson, a federal inmate proceeding pro se, brings this action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Jackson alleges that the defendants improperly seized and held his property for more than a year and seeks damages of $ 470,000.00. After reviewing his complaint, I find that the Commonwealth of Virginia, the Department of Criminal Justice Services, the Northwest Virginia Regional Drug Task Force, the Shenandoah County Sheriff's Department, and the United States Marshall Service are not proper defendants in a § 1983 or Bivens action. Accordingly, I find that all claims raised against these entities must be dismissed.[1]

## I.

To state claim under § 1983, plaintiff must allege violations of rights secured by Constitution and laws of United States, and must show that alleged deprivation was committed by person acting under color of state law. 42 U.S.C. §1983. The Commonwealth of Virginia, the Department of Criminal Justice Services, the Northwest Virginia Regional Task Force, and the Shenandoah County Sheriff's Department are not persons under § 1983 and, therefore, are not subject to suit. See Will

---

[1]Plaintiff's claims against defendants C.S. Valentine, C.A. Settle, and Joe Moorehead will be allowed to go forward at this time.

v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (finding that neither a state nor its officials acting in their official capacities are subject to suit under §1983).

Similarly, in Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for violations of federal constitutional rights. Bivens, 403 U.S. at 395; see also, Randall v. United States, 95 F.3d 339, 345 (4th Cir.1996)(finding that a Bivens action is properly brought against federal officials in their individual capacity and not in their official capacity); Waller v. Butkovich, 584 F.Supp. 909, 925 (D.C.N.C.1984)(holding that federal agencies are immune from liability in a Bivens action). Accordingly, as a federal agency the United States Marshall Service is not a proper defendant in a Bivens action.

## III.

Based on the foregoing, I find that all claims brought against the Commonwealth of Virginia, the Department of Criminal Justice Services, the Northwest Virginia Regional Drug Task Force, the Shenandoah County Sheriff's Department, and the United States Marshall Service must be dismissed.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for defendants, if known.

ENTER:      This 16th day of June, 2006.

Senior United States District Judge